**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

CARLOS JAVIER BERRIOS QUINONES

Plaintiffs

v.

SAMSUNG ELECTRONICS CO. LTD, and/or JOHN DOE, COSTCO WHOLESALE CORPORATION and/or RICHARD DOE, COSTCO-INNOVEL SOLUTIONS LLC, renamed COSTCO LOGISTICS & INSURANCE COMPANIES A TO C,

Defendants

CIVIL NO. *

PLAINTIFFS DEMAND

TRIAL BY JURY

# COMPLAINT

Table of Contents

I. INTRODUCTION ........ 1
II. JURISDICTION AND VENUE ........ 1
III. PARTIES ........ 2
IV. FACTUAL ALLEGATIONS ........ 3
V. DAMAGES ........ 6
V. CLAIMS FOR RELIEF ........ 8
1. FIRST CLAIM FOR RELIEF- NEGLIGENCE ........ 8
2. SECOND CLAIM FOR RELIEF- STRICT PRODUCTS LIABILITY – DESIGN DEFECT ........ 10
3. THIRD CLAIM FOR RELIEF - STRICT PRODUCTS LIABILITY - MANUFACTURE DEFECT ........ 12
4. FOURTH CLAIM FOR RELIEF STRICT PRODUCTS LIABILITY - FAILURE TO WARN ........ 12
5. FIFTH CLAIM FOR RELIEF - CLAIM FOR PUNITIVE DAMAGES ........ 13
6. SIXTH CLAIM FOR RELIEF - OBSTINACY ........ 14

## I. INTRODUCTION

1. This action seeks to recover damages resulting for the severe injuries that Plaintiff Mr. Carlos Javier Berrios Quiñones, hereinafter also "Mr. Berrios" suffered on March 5, 2021, when he received an electric shock when he touched the defective Samsung microwave, as a result of which he sustained the injuries alleged herein below.

## II. JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 28 U.S.C. Sec. 1332, inasmuch as there is complete diversity of citizenship between the Plaintiffs and the Defendants and the amount in controversy, exclusive of costs and interests, exceeds seventy-five thousand dollars ($75,000.00).

3. This Court has personal jurisdiction over the Defendants because a substantial portion of the wrongdoing alleged in this Complaint took place in Puerto Rico, the Defendants are authorized to do business in Puerto Rico, the Defendants have minimum contacts with Puerto Rico, and/or the Defendants otherwise intentionally avail themselves of the markets in Puerto Rico through the promotion, marketing, sale delivery and installation of their products in Puerto Rico, each of which are sufficient bases to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

4. Venue is proper in the Puerto Rico pursuant to 28 U.S.C. § 1391 (a) since the injuries occurred and the claims alleged arose in this judicial district.

5. Defendant Samsung Electronics Co. Ltd, Inc., and/or John Doe designed and manufactured Plaintiff's defective appliance, while Costco Wholesale Corporation, and/or Richard Doe distributed and sold the product, and Costco-Innovel Solutions LLC

renamed Costco Logistics installed the product. Defendants purposefully availed of the market in Puerto Rico, and knowingly manufactured, distributed said appliance with the purpose of selling and installing it in Puerto Rico.

## III. PARTIES

6. The Plaintiff is Mr. Carlos Javier Berrios Quiñones ("Mr. Berrios").

7. Mr. Berrios is thirty-one years of age and a resident of Orlando, Florida.

8. Mr. Berrios' address is: 14343 Sports Club Way, Orlando, Fl 32837.

9. The Defendants are: Samsung Electronics Co. Ltd. and/or John Doe (herein after also referred as "Samsung"), Costco Wholesale Corporation and/or Richard Doe, Costco-Innovel Solutions LLC renamed Costco Logistics (herein after also referred as "Costco Logistics") (Costco Wholesale Corporation and Costco Logistics together herein after also referred as "Costco Defendants" or "Costco") and Insurance Companies A to C.

10. At all times referenced herein, Defendant Samsung Electronics Co. Ltd was and is a corporation organized under the laws of New York, with its principal place of business at 85 Challenger Rd, Ridgefield Park, New Jersey 07660.

11. At all times referenced herein, Defendant Costco Wholesale Corporation was and is a corporation organized under the laws of Delaware, with its principal place of business at P.O. Box 34331, Seattle, Washington 98124.

12. At all times referenced herein, Defendant Costco-Innovel Solutions LLC renamed Costco Logistics was and is a corporation organized under the laws of Delaware, with its principal place of business at 999 Lake Drive, Issaquah, Washington 98027.

13. At all times herein mentioned, Defendant Samsung designed, engineered, developed, manufactured, fabricated, assembled, equipped, tested or failed to test,

inspected or failed to inspect, repaired, retrofitted or failed to retrofit, failed to recall, labeled, advertised, promoted, marketed, supplied, model ME19R7041FS, herein after also referred as the Samsung microwave, while Costco distributed, wholesaled, and/or sold, delivered and installed the Samsung microwave.

14. At all times referenced herein, Defendants were acting as the agents and employees of each of the other, and were acting within the scope, purpose, and authority of that agency and employment and with the full knowledge, permission, and consent of each of the other.

15. At all times referenced herein, Defendant Insurance Companies A to C were and are corporations organized under the laws of states other than the Commonwealth of Puerto Rico, with their principal place of business in states other than the Commonwealth of Puerto Rico.

16. At all times relevant herein Defendant Insurance Companies A to C had issued insurance policies in favor of one or more of the Defendants that cover their liability under a factual situation such as the one alleged in this action.

17. Pursuant to their insurance policy, Defendant Insurance Companies A to C are directly liable to Mr. Berrios.

## IV. FACTUAL ALLEGATIONS

18. On November 28, 2020, Mr. Berrios bought, through the Costco Wholesale Corp. website, the Samsung microwave manufactured by Samsung.

19. On January 19, 2021, the defective Samsung microwave was delivered by Costco to Mr. Berrios' apartment 1302 at Torres Del Escorial, 4002 Ave. De Diego, Carolina, PR 00987.

20. On January 27, 2021, the defective Samsung microwave was installed at Mr. Berrios' apartment by employees of unknown names of Costco, or in its alternative, an unknown company subcontracted by Costco.

21. On March 5, 2021, at approximately around 6:00 pm, while Mr. Berrios was in his property, specifically in his kitchen area, he received an electric shock when he touched the defective Samsung microwave, which since its installation was never used, nor altered.

22. While receiving the electric shock for several seconds Mr. Berrios began to feel muscle contractions, he could not move, his eyesight became colored, and he recognized that he was being electrocuted. Mr. Berrios suffered insurmountable fear and despair at the agony of realizing that he was close to death. The accident was witnessed by Mr. Berrios' cousin, Jose Purcell Quinones ("Mr. Purcell"), who saw him being electrocuted by the microwave and managed to separate him, otherwise Mr. Berrios would have been electrocuted to death.

23. Upon separation from the microwave Mr. Berrios became unconscious and fell to the ground, sustaining a severe blow to his right hip and femur, and the rest of his body. After several minutes of unconsciousness and lack of oxygen, Mr. Berrios woke up gushing blood from his mouth, after biting his cheeks and tongue due to the electric shock. Once he regained consciousness, Mr. Berrios fell into agony after realizing his body was paralyzed, which at the same time gave way to cardiac arrythmia, excessive sweating, all while suffering excruciating pain throughout his body.

24. Mr. Purcell immediately contacted Mr. Berrios' relatives, who reported the emergency to 911. When family members arrived at the scene, they were met with the

heartbreaking sight of Mr. Berrios agonizing, desperate and screaming from the severe body pain he was suffering. Thereafter, 911 personnel arrived and transported Mr. Berrios by ambulance to the UPR Hospital in Carolina, where doctors gave him injections for his pain, and performed several clinical tests. The attending physician certified that Mr. Berrios had suffered a fracture and displacement of the head of his right femur. Medical staff of the UPR Hospital in Carolina immediately requested his transfer to the trauma department in Puerto Rico's Medical Center Hospital for emergency surgery.

25. In constant pain and agony, Mr. Berrios was then transported in an ambulance to the Puerto Rico Medical Center Hospital at approximately 12:00 a.m.. At that time, the pain became more and more severe. In his intense suffering, Mr. Berrios waited long hours to be attended by an orthopedic surgeon. Mr. Berrios was accompanied by his family members through this torment, as they waited for him to be operated on, awaiting the results of the operation, and hoping for his wellbeing.

26. On March 6, 2021, at about 3:00 pm, Mr. Berrios underwent surgery by Dr. Pedro Reyes, orthopedic surgeon. The operation required open reduction and internal fixation of three screws with leg length discrepancy and contracture of the right hip. The operation was very severe, in which Mr. Berrios lost a lot of blood, causing Mr. Berrios' hemoglobin to drop drastically and that he became very weak.

27. On March 8, 2021, Mr. Berrios was discharged from the Hospital. Nonetheless, the days that followed the operation were equally agonizing. Mr. Berrios spent days and nights without sleeping, due to the agonizing pain, lying in bed, and needing assistance to do his basic needs, such as eating, going to the bathroom, and showering.

28. The situation was made more alarming after research has revealed that in 2009 the United States Consumer Production Safety Commission (CPSC) had issued an urgent recall of Samsung microwaves after it was found that several models could cause a shock hazard to its users. CPSC Release # 10-031, November 5, 2009. https://www.cpsc.gov/Recalls/2009/samsung-over-the-range-microwaves-recalled-due-to-shock-hazard

29. Although the defective product in this case is a newer model, the 2009 Recall reveals previous design defects or manufacturing on Samsung microwaves that could lead to electrocution and result in injuries such as the ones suffered by Mr. Berrios in this case. Such recall reassures the fact that Samsung knew or should have known that the Samsung microwave was defectively manufactured and designed, that the device was inherently dangerous, and that the injuries caused to Mr. Berrios could have been foreseen and prevented through proper correction or repair.

## V. DAMAGES

30. Mr. Berrios incorporates by reference and realleges all paragraphs previously alleged herein.

31. As result of the electrocution and the resulting fall Mr. Berrios suffered a fracture and displacement of the head of his right femur that had to undertake an operation to repair the fracture and displacement of the head of his right femur. This operation resulted in the internal fixation of three screws and a bone reduction leading to leg length discrepancy and contracture of the right hip.

32. As a direct result of his physical traumas, injuries, and medical treatments, Mr. Berrios has suffered, is suffering and will continue to suffer intense physical pains.

33. Mr. Berrios' physical traumas and injuries have caused him in the past and will continue to cause him in the future to undergo physiological changes of a premature, degenerative, and progressive nature, that have caused him to be permanently partially impaired of his general physiological functions.

34. As a direct result of his physical traumas, injuries, and disabilities, Mr. Berrios is now substantially permanently partially physically impaired and has since been declared a disabled individual.

35. As a direct result of the electrocution, the physical traumas, injuries, and disabilities, Mr. Berrios has suffered, is suffering and will continue to suffer severe mental, psychological, moral, and emotional pain, anguish and distress.

36. As result of the foregoing, Mr. Berrios has sustained a loss of happiness and the capacity to enjoy life, an impairment of his capacity to perform the social and recreational activities common for a young man of his age, limitations in his ability to participate and/or attend customary social and recreational activities and entertainment functions with his family and friends that he used to participate in.

37. Prior to the injury, Mr. Berrios had an extremely active lifestyle. He dedicated the greater part of his free time to boating activities and the use and enjoyment of a motorboat he owns.

38. In addition, in the past Mr. Berrios used to render different services to boats in the Puerto Rico marinas that he used to frequent, such as cleaning, maintenance and mechanics. As a result of his injuries now he is unable to do so.

39. As a result of his injuries and disabilities, Mr. Berrios has been suffering from physical and emotional pain, unable to walk for several months, unable to stand up by himself, drive motor vehicles, use his boat, or travel.

40. Mr. Berrios continues to be in great pain, with difficulty to walk and loss of mobility.

41. As a result of the injury, Mr. Berrios suffered irreversible damage and now has one leg shorter than the other.

42. The damages suffered by Mr. Berrios are extensive and lifelong.

43. Mr. Berrios is still being treated as of this day for his injuries, having to attend weekly therapy sessions, with a high probability of future surgeries and further therapies throughout his life.

44. Mr. Berrios physicians opined that he has a high probability of suffering avascular necrosis of the femoral neck that will require future operations to replace his right hip, additional surgical procedures, and post operative therapy and rehabilitation.

45. As result of the accident, his permanent injuries, and physical and emotional trauma, Mr. Berrios can't enjoy his life the way he used to. He is now hunted by the accident, where his physical scars and the bodily impairment remind him constantly of the life he used to have before the accident.

## V. CLAIMS FOR RELIEF

### 1. FIRST CLAIM FOR RELIEF- NEGLIGENCE

46. Mr. Berrios incorporates by reference and realleges all paragraphs previously alleged herein.

47. At all times herein mentioned, Samsung and Costco, in each of their roles, designed, tested, manufactured, assembled, analyzed, recommended, merchandised, advertised, promoted, distributed, supplied, and sold to distributors and retailers for sale, and installed the defective Samsung microwave and/or its defective component parts.

48. Samsung and Costco owed Mr. Berrios a duty to exercise reasonable care in the design, testing, manufacture, assembly, sale, distribution and installation of the Samsung microwave, including a duty to ensure that the Samsung microwave did not cause injury to Mr. Berrios.

49. Samsung and Costco knew or should have known that the Samsung microwave was defectively manufactured, designed and/or installed, and, thus, inherently dangerous.

50. Samsung and Costco knew or should have known that the Samsung microwave was defectively designed and/or manufactured and was therefore prone to failure under normal usage conditions, potentially causing injuries and/or deaths to its customers, such as Mr. Berrios.

51. Samsung and Costco failed to exercise ordinary care and breached their duty of care, among other things, by their:

a. failure to use due care in the manufacture, distribution, design, sale, testing, and installation of the Samsung microwave and its component parts in order to avoid the aforementioned risks to Mr. Berrios;

b. failure to incorporates within the appliance and its design reasonable safeguards and protections against shock and electrocution and the consequences thereto;

c. failure to defective take corrective action or repair of the Samsung microwave to prevent Mr. Berrios' foreseeable injury.

52. The joint negligent acts and omissions of Samsung and Costco were the direct, adequate, and proximate cause of Mr. Berrios' damages claimed herein.

53. Mr. Berrios claims full, fair and adequate compensation for the damages sustained, as follows,

1) for his physical pain, suffering and impairments, in the amount of no less than **ONE MILLION DOLLARS ($1,000,000)**;

2) for his mental, moral and emotional pain, suffering, anguish, distress and impairments, in the amount of no less than **ONE MILLION DOLLARS ($1,000,000)**;

3) for the loss of his capacity to enjoy life and the activities that he used to perform, in the amount of no less than **FIVE HUNDRED THOUSAND DOLLARS ($500,000)**;

4) for the loss of his capacity to generate income, in the amount to be proven at trial; and,

5) for the cost of past and future medical cost, treatment, and expenses, in the amount to be proven at trial.

**2. SECOND CLAIM FOR RELIEF- STRICT PRODUCTS LIABILITY – DESIGN DEFECT**

54. Mr. Berrios incorporates by reference and realleges all paragraphs previously alleged herein.

55. Samsung and Costco, in each of their roles, designed, engineered, developed, manufactured, fabricated, assembled, equipped, tested or failed to test, inspected or failed to inspect, repaired, retrofit or failed to retrofit, failed to recall, labeled, advertised, promoted, marketed, supplied, distributed, wholesaled, sold and installed the Samsung microwave and its component parts and constituents.

56. Samsung and Costco knew that the Samsung microwave was to be purchased and used without inspection for defects by its customers, such as Mr. Berrios.

57. In its design or manufacture the Samsung microwave was unreasonably dangerous, and it was unsafe for its intended use by reason of defects in its manufacture, design, testing, components, and constituents, so that it would not safely serve its purpose, but would instead expose the users of said product, such as Mr. Berrios, to serious injuries.

58. Samsung designed the Samsung microwave defectively, causing it to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

59. The risks inherent in the design of the Samsung microwave significantly outweigh any benefits of such design.

60. Mr. Berrios were not aware of the defects at any time prior to the accident.

61. The Samsung microwave is unreasonably dangerous by its design, because:

1) its quality and safety do not meet the expectations of an ordinary consumer such as Mr. Berrios; and/or,

2) the design of the product caused the damage to Mr. Berrios, and Samsung and Costco cannot prove that the design was reasonable by considering, inter alia:

(1) the usefulness of the product;

(2) the technological limitations to design it more securely at a reasonable cost;

(3) the unreasonable risk that can be foreseen at the time of design; and

(4) the instructions or warnings provided for the proper use of the product.

62. Samsung and Costco are jointly and severally liable for Mr. Berrios' injury alleged herein, even if they did not incur fault or negligence, because they sold in the flow of trade a product that by its design or manufacture is unreasonably dangerous.

63. As a legal, adequate, and proximate result of the aforementioned defects of the subject appliance, Mr. Berrios sustained the injuries and damages set forth herein while using the Samsung microwave in a reasonably foreseeable manner.

64. Mr. Berrios claims full, fair, and adequate compensation for the damages sustained, as claimed hereinabove.

**3. THIRD CLAIM FOR RELIEF - STRICT PRODUCTS LIABILITY - MANUFACTURE DEFECT**

65. Mr. Berrios hereby incorporates by reference and realleges all paragraphs previously alleged herein.

66. The Samsung microwave is unreasonably dangerous by its manufacture because it deviates from its design or because it does not meet the safety expectations of the ordinary consumer, such as Mr. Berrios, who uses such product for the purpose for which it is intended and for a purpose that is reasonably anticipatable.

**4. FOURTH CLAIM FOR RELIEF STRICT PRODUCTS LIABILITY - FAILURE TO WARN**

67. Mr. Berrios hereby incorporates by reference and realleges all paragraphs previously alleged herein.

68. Samsung and Costco knew that the Samsung microwave, and its component parts, would be purchased and used without inspection for defects in the manufacture, design or installation of the appliance.

69. The Samsung microwave was defective when it left the control of Samsung and Costco.

70. At the time of the design, manufacture, sale, and installation of the Samsung microwave, continuing up to the time of Mr. Berrios' injury, Samsung and Costco knew or

should have known of the substantial dangers involved in the reasonably foreseeable use of the appliance, whose defective design, manufacturing, installation and lack of sufficient warnings could cause it to have an unreasonably dangerous propensity to shock and/or electrocute its user.

71. Samsung and Costco knew that these substantial dangers are not readily recognizable to an ordinary consumer and that consumers, such as Mr. Berrios.

72. At all relevant times, Samsung and Costco failed to provide adequate warnings, instructions, guidelines or admonitions to members of the consuming public, including Mr. Berrios, of the risk, which they knew, or in the exercise of reasonable care should have known, to have existed in the use of the Samsung microwave.

73. At the time of Mr. Berrios' injuries, the Samsung microwave was being used in the manner intended by Defendants, and in a manner that was reasonably foreseeable by Samsung and Costco, as involving substantial danger that was not readily apparent to its users.

74. Samsung and Costco's owed the duty to provide adequate warnings to Mr. Berrios.

75. Mr. Berrios' damages were the legal, adequate, and proximate result of Samsung and Costco's failure to provide him adequate warnings.

76. Mr. Berrios claims full, fair, and adequate compensation for the damages sustained, as claimed hereinabove.

## 5. FIFTH CLAIM FOR RELIEF - CLAIM FOR PUNITIVE DAMAGES

77. Mr. Berrios reproduces and reaffirms, as if alleged herein, each one of the preceding and subsequent allegations.

78. Samsung and Costco engaged in the fault, breaches and misconduct alleged in this action, with grave contempt and disregard to the life, security, or property of Mr. Berrios. As a result, thereof, pursuant to Art. 1538 of the Puerto Rico Civil Code, as part of the judgment, Samsung and Costco should be found liable to pay punitive damages to Mr. Berrios in an amount equal to the compensatory damages claimed hereinabove.

**6. SIXTH CLAIM FOR RELIEF - OBSTINACY**

79. Mr. Berrios hereby incorporates by reference and realleges all paragraphs previously alleged herein.

80. Puerto Rico Rule of Civil Procedure 44.1(d),[1] a finding of obstinacy must be made against a losing party that take actions that result in a litigation that could have been avoided, that raises groundless claims or defenses, that needlessly protracts or prolongs the litigation, that refuses to recognize liability or an obligation, that obliges the other party to embark on needless procedures, or that otherwise incurs in reckless, obstinate or frivolous litigation conduct. *IOM Corp. v. Brown Forman Corp.*, 627 F.3d 440, 451-452 (1st Cir. 2010).

81. Once the threshold determination of obstinacy or frivolousness is met, the imposition of attorneys' fees is mandatory. *Correa v. Cruisers, a Div. of KCS Int'l, Inc.*, 298 F.3d 13, 30 (1st Cir. 2002). The award of attorney's fees has the purpose to punish, discourage and deter reckless, obstinate, or frivolous litigation conduct. *Nieves Huertas v. Padilla*, 189 D.P.R. 698, 701 (2013).

[1] Rule 44.1(d) states that, "[i]n the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct."

82. If any of the Defendants denies responsibility for the damages claimed herein, due to such an obstinate and temerarious denial, Mr. Berrios would be then entitled to an award of prejudgment and post-judgment interest against said Defendant, to be computed from the amount finally adjudged to him, plus a reasonable monetary amount for attorney's fees.

## VI. DEMAND FOR JURY TRIAL

73. Mr. Berrios Demands trial by jury.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Mr. Berrios respectfully request of this Court the following relief:

A. Full, fair, and adequate compensation for the damages alleged hereinabove.

B. An award for punitive damages in an amount equal to the compensatory damages claimed hereinabove.

C. A finding of obstinacy, and an award for attorney's fees and pre-judgment interest against any of the Defendants that denies responsibility for the damages claimed herein.

D. Such other and further relief as this Court may deem just and proper.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 3rd day of March 2022.

/s/ Eric Quetglas Jordan

ERIC QUETGLAS-JORDAN
USDC-PR No. 202514
Email: Quetglaslaw@gmail.com;
Tel: (787) 548-1410

**QUETGLAS LAW OFFICES**
PO Box 16606
San Juan PR 00908-6606